AO 91 (Rev. 11/11)  Criminal Complaint | AUSA: Philip Jacques    Telephone: (313) 226-9100
Special Agent: Jessica Salley    Telephone: (313) 202-3400

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
  v.
Keandre Glaspie

Case No. 2:25-mj-30325
Judge: Unassigned,
Filed: 05-16-2025

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 14, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(o) | Illegal possession of a machinegun |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Jessica Salley, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: May 16, 2025

*Judge's signature*

City and state: Detroit, MI

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

<u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

1. I, Jessica Salley, being first duly sworn, hereby state:

## **INTRODUCTION**

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Section 2516, Title 18, United States Code. I have been employed by the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), United States Department of Justice, as a Special Agent since February of 2005. I completed the Federal Law Enforcement Training Center Criminal Investigator Training Program and the ATF Special Agent Basic Training Program in Glynco, Georgia.

3. I obtained a Master's degree in Criminal Justice-Justice Administration and a Bachelor's degree in Criminal Justice-Forensic Psychology.

4. I am a Special Agent in the Ann Arbor Field Office, which is responsible for conducting investigations related to violent crime and/or gangs. As a Special Agent, I have participated in numerous investigations that involve illegal possession and use of firearms and ammunition during and in relation to crimes of violence. I have participated in investigations that have led to the issuance of search warrants, including

social media warrants involving violations of firearms laws and violent crimes. I have received training and participated in investigations involving violations of firearm, arson, and explosive laws, as well as violations of narcotics laws. In conducting these investigations, I have used a variety of investigative techniques and resources, which have included physical and electronic surveillance, monitoring court-authorized wiretaps, the use of confidential informants, undercover agents, and securing other relevant information using other investigative techniques.

5.  This affidavit is made in support of an application for a criminal complaint for Keandre Glaspie, a/k/a "Dre-30".

6.  I have probable cause to believe that GLASPIE, knowingly possessed a firearm equipped with a machinegun conversion device ("MCD"), in violation of 18 U.S.C. § 922(o).

7.  I make this affidavit based on my participation in this investigation, interviews conducted by myself and other law enforcement agents, reports from other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.

8.  The information in this affidavit is for the limited purpose of establishing probable cause and does not contain all details or all facts relating to this investigation.

## PROBABLE CAUSE

9.  I reviewed records related to GLASPIE's computerized criminal history

and records from Michigan's 4th Circuit Court, which revealed the following felony convictions:

    a. On or about March 14, 2025, GLASPIE plead guilty to delivery/manufacture (cocaine/heroin), carrying concealed weapon, and assaulting/resisting/obstructing police officer. On this same date, in the same court, on a separate case GLASPIE plead guilty to Delivery/manufacture (cocaine/heroin).

10. On May 14, 2025, at approximately 9:15a.m., a subject came into the Jackson Police Department lobby and related there was a man wearing a mask who came into a party store located in the 600 block of Francis Street and said something to the effect of there's going to be shots fired. The subject who reported it said that after the man made the threatening statement, he got into a grey Kia and was still at the party store.

11. Jackson Police Officers responded to the party store and observed a grey Kia backed in towards the back of the parking lot with illegal window tint. Officers were unable to see if anyone was in the vehicle. The Officer advised that the car had duct tape on it that appeared to be covering up bullet holes. An officer approached the Kia on foot, and it drove off. A Jackson Police Department Sergeant got behind the Kia as it left the party store. The Sergeant observed the Kia make a wide turn, crossing over the double yellow line into the opposing lane of travel. The Sergeant activated his overhead lights to conduct a traffic stop. The Kia with New York registration continued

to travel with the officer behind it with his overhead lights activated for several seconds. The Sergeant continued to follow the Kia and then it drove up and over a curb before coming to a stop. The driver, Keandre GLASPIE, immediately exited the vehicle and was given several commands to stay in the car. Officers instructed GLASPIE several times to get back in the car, and he refused. Officers instructed GLASPIE to put his hands on the car, and he refused. Officers arrested GLASPIE and confirmed that he was the sole occupant of the vehicle.

12. Officers called for a tow truck to impound the vehicle and conducted a search. In the center console of the vehicle, officers located a flashlight that attaches to handguns. The vehicle is a cross-over hatchback type vehicle where you can access the trunk area of the car from the inside of the car. Officers located a cross-body bag in the trunk area. Inside the bag was a Glock, model 27, .40 caliber pistol with an attached Machine Gun Conversion Device (MCD). The firearm was loaded with one in the chamber. Image 1 is a photograph of the firearm with the affixed MCD.



Image 1

12.     Based on my training on MCDs and experience in previous MCD investigations and seizures, I know that a "switch" is a colloquialism for an MCD a/k/a "Glock switch." A Glock switch is a small device that replaces the back plate of the slide on a Glock-style pistol. When installed, the device applies pressure to the trigger bar and disables the firearm's ability to limit one round of ammunition to be fired per one trigger pull, making the firearm fire automatically and function as a machinegun. Additionally, an uninstalled Glock Switch, by itself, is a machinegun under Federal law.

13.     On May 14, 2025, Detective Brooks, ATF Special Agent Justin Chamberlain and I conducted a recorded interview with GLASPIE. Agents advised GLASPIE of his *Miranda* rights to which he acknowledged and agreed to speak with agents without an attorney present.  During the interview, GLASPIE was shown a picture of the firearm the officers recovered.  GLASPIE said he was very familiar with guns and that it was a "Glock".  GLASPIE said "something fucked up on the back of it".  GLASPIE went on to say "That's fucked up".  "That's a switch, that's uh like uh fully automatic on the back of that gun".  When asked if fully automatic meant to shoot more than one round GLASPIE said "yes, in seconds".  These comments indicate GLASPIE's knowledge of the purpose of a MCD and how a MCD's addition affects the function of a firearm.

14. ATF Industry Operations Intelligence Specialist Karen Sharpe conducted a search of the ATF Firearms Licensing System (FLS), which maintains all records of NFA weapons (AOW, MCDs, machineguns, etc.) legally documented with the ATF. GLASPIE has not registered licenses to possess, manufacture, and or sell these types of firearms. GLASPIE is not authorized to possess NFA weapons which include machineguns, MCDs, and AOWs (Any Other Weapons).

## CONCLUSION

15. Probable cause exists to believe that on May 14, 2025, Keandre GLASPIE knowingly possessed a firearm equipped with a machinegun conversion device in violation of Title 18 U.S.C. § 922(o). This violation occurred within the Eastern District of Michigan.

_____
Jessica Salley, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means

_____
Honorable Elizabeth A. Stafford
United States Magistrate Judge

Dated: May 16, 2025